UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>COLIN MARTIN,<br><br>Defendant. | Case No. CR08-244RSL<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on defendant's "Motion to Reduce Sentence Pursuant to First Step Act and for Compassionate Release." Dkt. #230. The Court, having considered the motion, exhibits, and the record contained herein, finds as follows:

## I. PROCEDURAL MOTIONS

As a threshold matter, the Court finds compelling reasons justify sealing Exhibit A to the government's response and Exhibit 1 to defendant's reply. The parties' motions to seal (Dkts. #235, #237) are accordingly GRANTED. The government's motion to file an overlength brief (Dkt. #233) is also GRANTED.

## II. BACKGROUND

Defendant is a 48-year-old inmate currently detained at the Federal Correctional Institution ("FCI") Terminal Island. He is a citizen of Canada. In March 2018, defendant pled guilty to conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. Dkt. #183. On June 29, 2018, defendant was sentenced to eighty-four months' imprisonment and four years of supervised release. Dkt. #210.

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 1

Defendant served time in Canada pending his extradition, which was credited against his sentence. Id. He is currently scheduled for release from the custody of the Federal Bureau of Prisons ("BOP") on March 21, 2022. He now moves for compassionate release.

### III.  LEGAL FRAMEWORK

The compassionate release statute provides narrow grounds for defendants in "extraordinary and compelling" circumstances to be released from prison early. See 18 U.S.C. § 3582(c). The First Step Act of 2018 amended the procedural requirements governing compassionate release. See id. Prior to the First Step Act's passage, only the Director of the BOP could bring motions for compassionate release. The Director rarely filed such motions. See, e.g., United States v. Brown, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019). Congress amended the statute to allow defendants to directly petition district courts for compassionate release. As amended, 18 U.S.C. § 3582(c)(1)(A) states in relevant part,

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
> (ii) . . .
>
> and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission[.]

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 2

Prior to passing the First Step Act, Congress directed the Sentencing Commission to promulgate a policy statement defining "extraordinary and compelling reasons" in the compassionate release context. See 28 U.S.C. § 994(t). Section 994(t) provides,

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in [18 U.S.C. § 3582(c)(1)(A)], shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

The Sentencing Commission implemented this directive from Congress with a policy statement—U.S.S.G. § 1B1.13. In relevant part, the policy statement provides,

> **Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)**
>
> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that—
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction;
> . . .
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.
>
> **Commentary**
>
> **Application Notes:**
>
> 1. **Extraordinary and Compelling Reasons.**—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
>    (A) **Medical Condition of the Defendant**—
>
>    (i)   The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 3

      period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

  (ii) The defendant is—

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

  that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) **Age of the Defendant.**—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) **Family Circumstances.**—

 (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

 (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

2. **Foreseeability of Extraordinary and Compelling Reasons.**—For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment.  Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 4

> anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.
>
> 3. **Rehabilitation of the Defendant.**—Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.
>
> 4. **Motion by the Director of the Bureau of Prisons.**—A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A). The Commission encourages the Director of the Bureau of Prisons to file such a motion if the defendant meets any of the circumstances set forth in Application Note 1. The court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.
>
> This policy statement shall not be construed to confer upon the defendant any right not otherwise recognized in law[.]

U.S.S.G. § 1B1.13.

The Sentencing Commission has not updated its policy statement to reflect the amendments of the First Step Act. See, e.g., Brown, 411 F. Supp. 3d at 449 n.1 ("As district courts have noted often this year, the Sentencing Commission has not amended the Guidelines following the First Step Act and cannot do so until it again has four voting commissioners." (citations omitted)). However, the First Step Act renders some provisions of the Commission's outdated policy statement obsolete, including that compassionate release "may be granted only upon motion by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 cmt. n.4; see also United States v. Haynes, No. 93-CR-1043 (RJD), 2020 WL 1941478, at *11 (E.D.N.Y. Apr. 22, 2020) ("The heart of the matter . . . is that many of these policy statements . . . not only pre-date the [First Step Act] amendment of § 3582(c) but also continue to reference expressly BOP's *pre-FSA* role as exclusive gatekeeper, which of course the [First Step Act] eliminated."). From this discrepancy emerges a split among district courts as to whether the Court, rather than the BOP

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 5

Director, can determine pursuant to U.S.S.G. § 1B1.13 cmt. n.1(D) that "there exists in defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." See United States v. Cantu, 423 F. Supp. 3d 345, 350 (S.D. Tex. 2019) (quoting U.S.S.G. § 1B1.13 cmt. n.1(D)).

The government argues that the policy statement set forth in U.S.S.G. § 1B1.13 binds the Court's interpretation of "extraordinary and compelling" reasons. See Dkt. #234 at 7-8. This Court has rejected that position. See United States v. Van Cleave, Nos. CR03-247-RSL, CR04-125-RSL, 2020 WL 2800769, at *3-5 (W.D. Wash. May 29, 2020). For the reasons set forth in detail in Van Cleave, "the Court finds the guidance of U.S.S.G. § 1B1.13 persuasive, but not binding." Id. The Court will exercise its discretion to consider "extraordinary and compelling" circumstances that may exist beyond those explicitly identified by the Sentencing Commission in its outdated policy statement. Id.

## IV. DEFENDANT'S CIRCUMSTANCES

### a. Exhaustion Requirement

Prior to considering the merits of defendant's compassionate release motion, the Court must determine whether he has met the statutory exhaustion requirement for compassionate release. See 18 U.S.C. § 3582(c)(1)(A). The parties agree that defendant satisfied this requirement by submitting a request to the Warden of FCI Terminal Island on June 1, 2020, see Dkt. #230-1 (Ex. 1), which was denied on June 6, 2020, see Dkt. #230-2 (Ex. 2). Finding that defendant has exhausted his administrative remedies, the Court will consider the merits of his motion.

### b. "Extraordinary and Compelling" Circumstances

Defendant's motion for compassionate release is based primarily on his health issues, which include testing positive for COVID-19 in May. The Court need not reiterate the widely-known information regarding the symptoms of COVID-19 and the devastating global impact of the virus. COVID-19 has created unprecedented challenges for federal prisons, where inmate populations are large and close contact between inmates is unavoidable. As of August 3, 2020, the BOP reports that 2,374 federal inmates and 515 BOP staff have active, confirmed positive

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 6

1   COVID-19 test results.  See COVID-19 Coronavirus, Fed. Bureau of Prisons,
2   https://www.bop.gov/coronavirus/ (last visited August 3, 2020).  Since the BOP reported its first
3   case in late March 2020, at least 106 federal inmates and one BOP staff member have died from
4   the virus.  Id.  FCI Terminal Island has been hit particularly hard by COVID-19.  Fortunately,
5   645 inmates and seventeen BOP staff who tested positive for COVID-19 at FCI Terminal Island
6   have "recovered."  Id.  FCI Terminal Island currently reports three active inmate cases and five
7   active staff cases.  Id.  Ten inmates have died from the virus.  Id.

       A review of defendant's BOP medical records confirms that he suffers from hypertension and obstructive sleep apnea.  See Dkt. #236 (Ex. A) at 55.  Defendant has presented evidence showing that these underlying health issues may heighten his risk for serious complications if he contracts COVID-19.  Dkt. #238-1 (Ex. 2).  Unfortunately, as noted above, defendant *already* tested positive for COVID-19 on May 7, 2020.  Id.  During a health screening on May 9, 2020, defendant reported that he had chills and a fever one week earlier.  Id. at 45.  He thereafter denied having symptoms, and his medical records note that his COVID-19 diagnosis was "resolved" on May 23, 2020.  Id. at 44-45, 55.  However, defendant has suffered from lingering health problems.  He has complained of breathing difficulties and chest pain at his recent clinical encounters.  Dkt. #236 (Ex. A) at 2-3, 7-8; Dkt. #239-1 (Ex. 1).  Moreover, his records confirm that he is consistently suffering from high blood pressure and an elevated heart rate.  Id.  At least one of defendant's healthcare providers chalked up these symptoms to anxiety about COVID-19.  Dkt. #236 (Ex. A) at 7-8.  However, much is still unknown about the health impacts and long-term risks for individuals who have contracted COVID-19.  The Court finds defendant's recent symptoms concerning in light of its current understanding of the virus.

       Still, the government maintains that relief is unwarranted.  It argues that because defendant has recovered from the virus, he is now at reduced risk for reinfection of COVID-19.  Dkt. #234 at 10.  But scientific uncertainties surrounding recovery from the virus, including whether those who have recovered from COVID-19 may be susceptible to reinfection, call this conclusion into question.  See, e.g., Apoorva Mandavilli, You May Have Antibodies After Coronavirus Infection. But Not for Long., N.Y. Times (July 9, 2020),

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 7

https://www.nytimes.com/2020/06/18/health/coronavirus-antibodies.html.  The Court will not deny defendant's motion for health-based compassionate release based solely upon a speculation that, if he remains incarcerated during the COVID-19 pandemic, he is at reduced risk because he already contracted the virus once.  Given defendant's underlying health conditions, and his current symptoms, the Court finds defendant has met his burden to establish that "extraordinary and compelling reasons" warrant his compassionate release.  18 U.S.C. § 3582(c)(1)(A)(i).

### c. Additional Considerations

Before the Court can grant defendant's request for compassionate release, it must also find that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  U.S.S.G. § 1B1.13.  The offense that led to defendant's current term of imprisonment is very serious.  From at least March 2008 through November 2009, defendant engaged in a drug-trafficking conspiracy in British Columbia, Canada, which involved smuggling drugs between Canada and the United States.  PSR at ¶¶ 18-19.  He worked as an independent contract transportation specialist who used helicopters to transport drugs across the border.  Id.  Prior to his current term of imprisonment, defendant had several convictions in Canada for marijuana-related offenses.  PSR at ¶¶ 37-40.  Defendant's prior conduct is very troubling.  However, the Court does note that the conduct for which defendant is currently imprisoned occurred more than a decade ago.  Defendant has no history of violence and has extensive family ties in British Columbia, including his wife and seven children.  With these considerations in mind, the Court finds defendant is not a danger to the safety of any other person or to the community as provided in § 3142(g).  U.S.S.G. § 1B1.13.

In addition, prior to granting compassionate release, the Court must assess whether a sentence reduction to time served is consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a).  See 18 U.S.C. § 3582(c)(1)(A).  Section 3553(a) requires the Court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)," which requires that a sentence reflect the seriousness of and provide just punishment for the offense.  Id.  Again, the offense that led to defendant's current term of imprisonment is very serious.  Defendant has now served approximately 48 months of his 81-

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE - 8

month term of imprisonment, including credit for time served while awaiting extradition. Defendant deserved the sentence the Court imposed in June 2018.  But the extraordinary nature of the COVID-19 pandemic has altered life as we know it.  The risks to defendant's life and health now outweigh the punitive benefits that would be gained from keeping him incarcerated at this time.  Cf. United States v. Pippin, CR16-266-JCC, 2020 WL 2602140, at *3 (W.D. Wash. May 20, 2020).  Under these circumstances, the Court concludes that releasing defendant early will not frustrate the objectives of § 3553(a).

### V. CONCLUSION

For all the foregoing reasons, defendant's Motion for Compassionate Release (Dkt. #230) is GRANTED.  The parties' motions to seal (Dkts. #235, #237) and the government's motion to file an overlength brief (Dkt. #233) are also GRANTED.

IT IS HEREBY ORDERED that defendant's custodial sentence be reduced to time served.  All other provisions of sentencing remain as previously set.

IT IS FURTHER ORDERED that defendant shall be released fourteen (14) days from the date of this order to accommodate a quarantine period with the Federal Bureau of Prisons.  If defendant tests positive for COVID-19 at any time during this quarantine period, BOP will notify the government who will immediately notify the Court so that this order can be modified appropriately.

IT IS FURTHER ORDERED that if the defendant is not taken into U.S. Immigration and Customs Enforcement ("ICE") custody upon his release from the Federal Bureau of Prisons, he shall contact the U.S. Probation Office in Seattle within 24 hours and follow its instructions.

IT IS SO ORDERED.

DATED this 3rd day of August, 2020.

*[signature: Robert S. Lasnik]*

Robert S. Lasnik
United States District Judge